United States District Court
Southern District of Texas
**ENTERED**
October 25, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRIAN EDWARD DAVIS, | § |
| Petitioner, | § § § |
| v. | § CIVIL ACTION NO. H-16-1867 |
| BOBBY LUMPKIN, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § |
| Respondent. | § § |

## ORDER

The petitioner, Brian Edward Davis, seeks federal habeas corpus relief. In 1992, Davis stood trial in the 230th District Court of Harris County, Texas, in cause number 616522 for the offense of capital murder. Davis received a death sentence. After unsuccessfully seeking state relief, Davis filed an initial petition for a federal writ of habeas corpus on March 9, 2000. Davis v. Johnson, No. H-00-0852 (S.D. Tex.). The district court denied federal habeas relief. Davis did not appeal the denial of his initial federal habeas petition.

After the conclusion of federal habeas review, the Texas Court of Criminal Appeals ordered a new trial only on punishment. Ex parte Davis, No. AP-76,263, 2009 WL 3839065 (Tex. Crim. App. Nov. 18, 2009) (unpublished). The State of

Texas held a second punishment hearing that resulted in another death sentence.

Davis filed the instant federal petition in 2020. (Docket Entry No. 30). Davis's federal petition raises twenty-eight grounds for relief, including several that challenge his capital conviction. The respondent argues that Davis could have raised those claims in his first federal petition. (Docket Entry No. 62 at 63-66). The respondent contends that the Anti-Terrorism and Effective Death Penalty Act's abuse-of-the-writ provisions bar federal consideration of any claims in the instant petition which challenge Davis's 1992 conviction. See 28 U.S.C § 2244(b).

Because a failure to comply with AEDPA's successive-petition requirements deprives a court of jurisdiction, the respondent's answer did not address the merits of the challenged claims. The respondent, however, requested permission "to file a supplemental or amended answer to address the alleged merits" if "the Court ultimately concludes that Davis's above-described claims are not successive." (Docket Entry No. 62 at 69, n.23).

Davis filed a response to the respondent's answer on September 23, 2022. (Docket Entry No. 73). Davis argues that any guilt/innocence claims are not successive based on a recent

per curium Fifth Circuit opinion. See In re Greenwood, 2022 WL 501393 (5th Cir. 2022). The Fifth Circuit issued Greenwood after the respondent had already filed the answer in this case. The respondent has not yet addressed whether the new precedent allows for federal review of the guilt/innocence claims.

Davis's arguments warrant a response. The court **ORDERS** the respondent to brief the applicability of Greenwood to Davis's federal petition. The respondent may also address the merits of any previously unbriefed claims, if necessary. The respondent will file the requested briefing or an amended answer within **thirty** (30) days from the entry of this Order. Davis may any reply within **thirty** (30) days thereafter.

**SIGNED** at Houston, Texas, on this 25th day of October, 2022.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE