IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN EDWARD DAVIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-1867 |
| | § | |
| BOBBY LUMPKIN, Director, | § | |
| Texas Department of Criminal | § | |
| Justice - Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### ORDER

The petitioner, Brian Edward Davis, seeks federal habeas corpus relief from his Texas capital conviction and death sentence. Before this case may proceed, the court must decide whether any claims challenging Davis's conviction are barred by the Anti-Terrorism and Effective Death Penalty Act's prohibition against successive habeas petitions.

### I. Background

In 1992, Davis stood trial for the offense of capital murder in the 230th District Court of Harris County, Texas, in cause number 616522. Davis received a death sentence. After unsuccessfully seeking state relief, Davis filed an initial petition for a federal writ of habeas corpus on March 9, 2000.

1

Davis v. Johnson, No. H-00-0852 (S.D. Tex.). Davis's initial federal petition raised two claims attacking his conviction. Davis v. Johnson, 4:00-cv-00852 (S.D. Tex.) (Docket Entry No. 2). The district court denied federal habeas relief.[1] Davis did not appeal the denial of his initial federal habeas petition.

The Texas Court of Criminal Appeals subsequently ordered a new trial only on punishment. Ex parte Davis, No. AP-76,263, 2009 WL 3839065 (Tex. Crim. App. Nov. 18, 2009) (unpublished). The State of Texas held a second punishment hearing in 2011. Davis again received a death sentence.

Davis filed the instant federal petition in 2020. (Docket Entry No. 30). Davis's petition raises claims which challenge both his capital conviction from 1992 and his resentencing hearing in 2011. Specifically, claims 2, 3, 4, 5, 6, 7, and portions of claim 12 in the instant petition all arise from Davis's 1992 trial. The respondent filed an answer in August 2021. The respondent argues that AEDPA's abuse-of-the-writ provisions bar federal consideration of any guilt/innocence claims that Davis could have raised in his first federal petition. See 28 U.S.C § 2244(b). Because noncompliance with

---

[1] The Honorable United States District Judge John D. Rainey presided over Davis's initial habeas action.

2

AEDPA's successive-petition requirements deprives a court of jurisdiction, the respondent's answer did not address the merits of the challenged claims.

Davis filed a response to the respondent's answer on September 23, 2022. (Docket Entry No. 73). Davis argued that any guilt/innocence claims are not successive based on a recent unpublished Fifth Circuit opinion. See In re Greenwood, 2022 WL 501393 (5th Cir. Feb. 18, 2022). Because the Fifth Circuit had issued Greenwood after the answer was filed, this court ordered the respondent to file a brief addressing that new precedent. (Docket Entry No. 74).

The briefing is now before the court. The court must decide if AEDPA provides jurisdiction over the petitioner's guilt/innocence claims.

## II. AEDPA's Successive-Petition Provisions

Federal courts have long placed strict constraints on an inmate's ability to file more than one habeas petition. Prior to AEDPA's enactment, courts applied "the abuse-of-the-writ doctrine" which "prohibit[ed] subsequent habeas consideration of claims not raised, and thus defaulted, in the first federal habeas proceeding." McCleskey v. Zant, 111 S. Ct. 1454, 1468 (1991); see also Rules Governing § 2254 Cases, Rule 9(b), 28

U.S.C. foll. § 2254 (1976) ("A second or successive petition may be dismissed if the judge . . . finds that the failure of the movant to assert those grounds in a prior petition constituted an abuse of the writ."). Pre-AEDPA cases barred an inmate from filing a successive petition challenging his conviction when he had been resentenced after his first federal habeas action. See Suggs v. United States, 705 F.3d 279, 285 (7th Cir. 2013) (describing pre-AEDPA law).

Congress passed AEDPA in 1996 "primarily to preclude petitions brought by prisoners seeking to escape the consequences of their criminal behavior by challenging the validity, imposition, or execution of their convictions or sentences." In re Cain, 137 F.3d 234, 235 n.1 (5th Cir. 1998). Soon after AEDPA's enactment, the Fifth Circuit acknowledged that Congress intended "AEDPA's amendment to § 2244 impose[] stricter requirements for 'second or successive' petitions than the pre-AEDPA 'abuse of the writ' standard . . . ." In re Gasery, 116 F.3d 1051, 1052 (5th Cir. 1997). AEDPA's successive-petition restrictions are jurisdictional. See Leal Garcia v. Quarterman, 573 F.3d 214, 219 (5th Cir. 2009).

If a claim is successive as understood by AEDPA, a court cannot reach its merits until the inmate complies with the

4

statute's demanding prerequisites. See 28 U.S.C. § 2244(b); Panetti v. Quarterman, 127 S. Ct. 2842, 2855 (2007) ("In the usual case, a petition filed second in time . . . will not survive AEDPA's 'second or successive' bar' . . . ."). The relevant question is whether a claim attacking an inmate's conviction in a second-in-time petition is "successive" after an intervening resentencing.

### III. Magwood v. Patterson

In Magwood v. Patterson, the Supreme Court considered "the meaning of the phrase 'second or successive' in § 2244(b)." 130 S. Ct. 2788, 2796 (2010). The defendant in Magwood had been convicted of murder and sentenced to death in state court. After exhausting state-court remedies, he filed a federal habeas petition which resulted in vacatur of his sentence. The Magwood defendant again received a death sentence. The Supreme Court considered whether a second federal petition raising errors in the inmate's resentencing was "second or successive" under AEDPA.

The Magwood Court stated that "second or successive" is a "'term of art'" which does not apply to all petitions which an inmate may file after an initial petition. 130 S. Ct. at 2797

5

(quoting Slack v. McDaniel, 120 S. Ct. 1595, 1605 (2000)). The Supreme Court held that AEDPA bars "a later-in-time petition that challenges the same state-court judgment as an earlier-in-time petition." In re Lampton, 667 F.3d 585, 588 (5th Cir. 2012); see also Magwood, 130 S. Ct. at 2797 (stating that AEDPA's text indicates that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged"). Magwood's core concern in deciding whether a claim was second or successive, therefore, was whether the inmate challenged the same judgment as his earlier petition. See id. at 2796. Because the Magwood inmate's resentencing led to a new judgment, the Supreme Court found that the petition challenging his new sentence was not second or successive. See id.

The Supreme Court, however, left unanswered the precise question now before this court: whether "a sentence and conviction form a single 'judgment' for purposes of habeas review." Id. at 2802. The Supreme Court chose not to decide whether an inmate "who obtains a conditional writ as to his sentence [may] file a subsequent application challenging not only his resulting, *new* sentence, but also his original, *undisturbed* conviction." Magwood, 130 S. Ct. at 2802 (emphasis in original); see also In re Parker, 575 F. App'x 415, 419 (5th

Cir. 2014) (recognizing the question left open in Magwood).

## IV. In re Greenwood

Since the Supreme Court decided Magwood, six circuits have concluded that a second-in-time petition filed after a new sentencing hearing creates an entirely new judgment which allows another federal challenge to an inmate's conviction. See Creech v. Richardson, 59 F.4th 372, 390 (9th Cir. 2023); Lesko v. Secretary Pennsylvania Dep't of Corr., 34 F.4th 211, 223-24 (3rd Cir. 2022); In re Gray, 850 F.3d 139, 141-43 (4th Cir. 2017); King v. Morgan, 807 F.3d 154, 158 (6th Cir. 2015); Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1281 (11th Cir. 2014); Johnson v. United States, 623 F.3d 41, 45-46 (2d Cir. 2010).[2] Those circuits have held that "there is only one judgment, and it is comprised of both the sentence and the conviction." Insignares, 755 F.3d at 1281. Accordingly, "when a defendant is resentenced, he or she is confined pursuant to a new judgment even if the adjudication of guilt is undisturbed."

---

[2] After AEDPA, some circuit courts initially "held that a petitioner who succeeds on a first habeas application and is resentenced may challenge only the 'portion of a judgment that arose as a result of a previous successful action.'" Magwood, 130 S. Ct. at 2803 n.16 (quoting Lang v. United States, 474 F.3d 348, 351-52 (6th Cir. 2007)). Magwood caused most circuits to reconsider their interpretation of the phrase "second or successive."

7

Gray, 850 F.3d at 142. Thus, the predominant view is that "a petition is not second or successive as to an undisturbed conviction because a new sentence creates a new judgment which has not yet been challenged." Lesko, 34 F.4th at 223; see also Gray, 850 F.3d at 143 ("[I]t is the newness of the intervening judgment as a whole that resets the habeas counter to zero.").

Only the Seventh Circuit has answered the question left open in Magwood in a different manner. The Seventh Circuit relies on its pre-Magwood caselaw to find that petitions after "resentencing are not second or successive when they allege errors made during the resentencing, but they are second or successive when they challenge the underlying conviction." Suggs v. United States, 705 F.3d 279, 282 (7th Cir. 2013) (citing Dahler v. United States, 259 F.3d 763 (7th Cir. 2001)).[3]

The Fifth Circuit recently considered the question left unanswered in Magwood. The inmate in In re Greenwood, 2022 WL 501393 (5th Cir. 2022) unsuccessfully sought federal habeas relief after exhausting state-court remedies. The State and the inmate subsequently agreed that he should be resentenced. The

---

[3] The Tenth Circuit has yet ruled on this precise issue, but has held that resentencing does not create a new judgment which will reset AEDPA's limitation's period under 28 U.S.C. § 2244(d)(1). See Prendergast v. Clements, 699 F.3d 1182, 1187 (10th Cir.

state court did not hold a new sentencing hearing but entered an "Agreed Order & Judgment" that resulted in a new term of imprisonment. The inmate then filed a second-in-time federal habeas petition.

The Fifth Circuit began by deciding whether the state-court action resulted in a new "judgment" under Magwood. The Fifth Circuit found that the "Agreed Order & Judgment" constituted a new judgment because "'a new sentence has been imposed.'" Greenwood, 2022 WL 501393, at *1 (quoting Lampton, 667 F.3d at 588). The Fifth Circuit then went on to decide the question left open in Magwood.

The Fifth Circuit asked whether "notwithstanding the intervening judgment, Greenwood's petition [was] successive because the petition challenges the original conviction rather than the new sentence." Greenwood, 2022 WL 501393, at *3. The Fifth Circuit stated that "the conviction and sentence" are "a single unit." Id.; see also Burton v. Stewart, 127 S. Ct. 793, 798 (2007) ("Final judgment in a criminal case means sentence. The sentence is the judgment.") (quotation omitted). Because the resentencing in Greenwood resulted in "a new, intervening judgment," the Fifth Circuit found that his second-in-time

2012).

9

federal petition challenging his conviction was not second or successive under AEDPA. Greenwood, 2022 WL 501393.[4]

Accordingly, the Fifth Circuit has joined most circuits holding that AEDPA does not bar a second-in-time petition challenging an undisturbed conviction after resentencing.

## V. The Instant Petition

The threshold question of whether this court has jurisdiction over claims challenging Davis's conviction "depends on whether [the] petition is a 'second or successive' petition within the meaning of 28 U.S.C. § 2244." Adams v. Thaler, 679 F.3d 312, 321 (5th Cir. 2012). Davis has already once sought federal habeas relief. He could have raised any challenge to his conviction in his initial habeas petition.

Davis relies on Greenwood to argue that AEDPA does not bar federal review of claims challenging his underlying conviction. On its face, Greenwood means that Davis's resentencing created a new judgment. Because his earlier federal habeas action challenged the now-defunct judgment, AEDPA's second-or-

---

[4] "The question of when a conviction becomes final for federal habeas purposes is purely a question of federal law." Scott v. Hubert, 635 F.3d 659, 664-65 (5th Cir. 2011). The court observes in passing, however, that under Texas law a sentence and a judgment are "the same thing." Stokes v. State, 688 S.W.2d 539, 541 (Tex. Crim. App. 1985) (citing Tex. Code Crim. Pro.

10

successive prohibition does not bar any claims from his second-in-time petition.

The respondent distinguishes Greenwood on three grounds. **First**, the respondent argues that Greenwood "as an unpublished opinion . . . may be instructive" but it "does not carry precedential value." (Docket Entry No. 77 at 14-15) (citing 5th Cir. R. 47.5.4). The respondent is correct: Greenwood is an unpublished opinion which is "not controlling precedent[.]" Ballard v. Burton, 444 F.3d 391, 401 n.7 (5th Cir. 2006). But it still "may be persuasive authority." Id. The fact that Greenwood is unpublished is not alone enough to reject it as authority, particularly as it aligns with the overwhelmingly prevalent law from other circuits.

**Second**, the respondent argues that the Fifth Circuit only considered Greenwood in the context of its prima facie review under 28 U.S.C. § 2244(b)(4). (Docket Entry No. 77 at 14-15). The respondent argues that section 2244(b)(4)'s threshold inquiry only allowed the Fifth Circuit panel to consider the Magwood question "with a limited record, based on limited argument, and in a context completely different from that faced by Davis." (Docket Entry No. 77 at 15).

---

art. 42.02).

The respondent does not explain how the "tentative" nature of the circuit court's review under section 2244(b)(4) calls into question legal issues addressed in Greenwood. The respondent cites no authority for the proposition that a circuit court's legal pronouncements in section 2244(b) cases somehow do not create precedent. While a circuit court's review under 2244(b) is not a full review of the merits, the Fifth Circuit did not issue a cursory decision in Greenwood. A review of the appellate docket sheet in Greenwood reveals that the Fifth Circuit provided the parties a full opportunity to brief the legal issues and held oral arguments before reaching its decision. In re Greenwood, No. 19-60884 (5th Cir.). The Fifth Circuit issued a well-reasoned opinion which decided important legal issues. The court cannot ignore the Fifth Circuit's interpretation of AEDPA in Greenwood.

**Third**, the respondent draws a distinction between Greenwood and the instant case because of differences between the resentencing which occurred in both cases. Any differences with Greenwood on the facts do not change the legal principles on which the Fifth Circuit based its opinion. While some of the facts in the instant case are different, Greenwood decided as a legal matter that a new sentence creates a new "judgment."

12

At its core, the respondent urges a legal theory that the Fifth Circuit has rejected: that "two separate judgments were created in this case, a 'conviction judgment' and a 'sentencing judgment.'" Scott v. Hubert, 635 F.3d 659, 665 (5th Cir. 2011); see also Rashad v. Lafler, 675 F.3d 564, 568 (6th Cir. 2012) (refusing to "bifurcate the claims arising from [a] criminal case into distinct judgments—one related to the conviction, one related to the sentence"). After Greenwood, Davis's "conviction and sentence" are a "single unit." Greenwood, 2022 WL 501393 at *3. Applying Greenwood to the instant case means that Davis's second-in-time federal petition may include challenges to his conviction.

## VI. Conclusion

For the reasons discussed above, the court finds that the claims in Davis's petition which challenge his conviction are not successive as understood by AEDPA.

The respondent has not yet briefed the merits of any claim challenging Davis's conviction. The respondent, however, has requested permission "to file a supplemental or amended answer to address the alleged merits" if "the Court ultimately concludes that Davis's . . . claims are not successive." (Docket Entry No. 62 at 69, n.23). The respondent may file an

13

amended answer within **sixty (60)** days from the entry of this Order. Davis may submit any reply within **sixty (60)** days thereafter.

The court is concerned about the slow pace of this case. The court will not extend the deadlines in this Order without a showing of good cause. Counsel should plan accordingly.

**SIGNED** at Houston, Texas, on this 9th day of MARCH, 2023.

SIM LAKE
UNITED STATES DISTRICT JUDGE